MEMORANDUM **
Defendant-Appellant Mo Thi Pham appeals her conviction in the district court for thirty-five counts of health care fraud in violation of 18 U.S.C. § 1347. On appeal, Pham argues that the evidence the prosecution presented was insufficient as a matter of law. We review de novo the sufficiency of the evidence supporting her conviction. See United States v. Ruiz, 462 F.3d 1082, 1087-88 (9th Cir.2006). “The evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” United States v. Dearing, 504 F.3d 897, 900 (9th Cir.2007) (quotation marks omitted). “The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict.” United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991).
To prove that Pham acted willfully, “the Government must prove that the defendant acted with knowledge that [her] conduct was unlawful.” Bryan v. United States, 524 U.S. 184, 192, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998) (internal quotation marks omitted). “Fraudulent intent may be, and often must be, proven by circumstantial evidence.” United States v. Rasheed, 663 F.2d 843, 848 (9th Cir.1981).
The government presented sufficient evidence of Pham’s knowledge and intent to defraud Medicare. The government presented testimony that Pham played an active role in calculating the amount each recruiter was paid based on the number of people the recruiter brought to the doctors’ offices. Pham withdrew large sums of money every few days to pay the recruiters and paid them personally at her business. In addition, trial testimony indicated that Pham visited and supervised Dr. Khatibloo’s office three to four times a week, instructed employees to keep track of patients and recruiters, and received over $1 million in eight months for her participation in the scheme. A jury could reasonably have inferred intent to defraud Medicare from these practices.
Specifically, Pham argues that the evidence was insufficient to support a finding of her knowledge and fraudulent intent because there was no evidence that she personally performed certain tasks such as hiring doctors, fixing salaries, billing Medicare, or forging documents. The government, however, was not required to prove that Pham was a principal actor in the scheme, only that she had the requisite knowledge and intent to defraud a health benefit program. See United States v. Stapleton, 293 F.3d 1111, 1117-18 (9th Cir.2002).
Lastly, Pham argues that “[t]he government asked the jury to assume [her] culpability ... largely on the basis of name similarity.” This argument is unpersuasive, however, because the government presented several witnesses who identified Pham in the courtroom as “Lisa” and “Hieu” and testified that she was a participant in the scheme. The government also admitted into evidence a copy of Pham’s *191 passport, which indicated that her name was Lisa Hughes. This evidence was sufficient for a jury to rationally determine that Pham also went by the names “Lisa” and “Hieu.”
We conclude that the government presented sufficient evidence for the jury to convict Pham of health care fraud under 18 U.S.C. § 1347. The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.